**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-6636**

———————————

MCDONALD WILLIAMS,

Plaintiff - Appellant,

versus

CHARLES HAWLEY; THOMAS BREEDLOVE,

Defendants - Appellees,

and

T. L. JACOBS,

Defendant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, District Judge. (CA-97-736-5F)

———————————

Submitted:  July 13, 2000          Decided:  July 25, 2000

———————————

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

McDonald Williams, Appellant Pro Se.  James Carol Worthington, POE, HOOF & REINHARDT, Durham, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

McDonald Williams appeals the district court's order granting in part and denying in part relief on his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint. He raised claims regarding the confiscation of tennis shoes and money orders during a search. The district court denied relief on Williams' claim regarding his tennis shoes. Our review of the record reveals that the district court's order was correct as to this claim. Accordingly, we affirm on this claim on the reasoning of the district court. See Williams v. Hawley, No. CA-97-736-SF (E.D.N.C. May 11, 1998; May 30, 2000).

Williams' claim regarding his money orders was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that partial relief be granted and advised Williams that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Williams failed to object to the magistrate judge's recommendation.

The timely filing of objections to a magistrate's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Williams has waived appellate review as to this money order claim by failing to file objections after

2

receiving proper notice.  Accordingly, we affirm the judgment of the district court as to this claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3